NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—February, 1886.

STOLZEL *v.* CRUIKSHANK.

*In the matter of the estate of* JOHN F. DELAPLAINE,
*deceased.*

As to whether the nomination, by a will, of a designated person as execu-
tor thereof, is revoked by a codicil which names a different person to
act in such capacity, but omits expressly to recall the prior appoint-
ment—*quære.*

MOTION by Amalia A. Stölzel and another, claim-
ants under an alleged codicil to decedent's will, to
stay issue of letters testamentary. The facts appear
in the opinion.

HENRY W. TAFT, *for the motion.*

GEO. R. SCHIEFFELIN, *for proponents of will.*

L. B. CHASE, *for heir at law.*

THE SURROGATE.—The paper purporting to be the
last will of this decedent was admitted to probate as
such in June, 1885. Upon the petition of certain
persons claiming to be legatees and devisees under
an alleged codicil to such will, the petitioners were
allowed to intervene, and, it appearing that by such
alleged codicil certain persons were named as execu-
tors, other than the persons appointed as such by the
will, the issue of letters testamentary was delayed
until the codicil might be presented for probate.

I do not think that letters should be longer withheld. The alleged codicil may never be proved; and it is by no means certain that, in case it shall be proved, the clause in which appears its nomination of executors will be deemed to work a revocation of the similar clause in the paper already admitted to probate. Cases are not wanting where joint letters have been granted to two persons of whom one has been named as sole executor in a will and the other as sole executor in a codicil (In Goods of Leese, 31 *L. J.*, *N. S., P. M. & A.*, 169; Geaves v. Price, 32 *id.*, 113).

Letters may issue to Mr. Cruikshank. In case the alleged codicil shall hereafter be proved, letters may of course be granted to any qualified persons whom it designates as executors. Whether the functions of Mr. Cruikshank will cease at that time is a question that can then be determined.